Receipt number 9998-5031289

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **FEDERAL MANAGEMENT PARTNERS, INC.**<br>**2900 South Quincy Street, Suite 200**<br>**Arlington, VA 22206**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No.** 18-1748 C

## COMPLAINT

Plaintiff Federal Management Partners, Inc. ("FMP"), by and through its undersigned counsel, submits the following Complaint.

## NATURE OF THE ACTION

In this Complaint, FMP asserts a claim under the Contract Disputes Act ("CDA"), 41 U.S.C. § 7101 *et seq.*, arising out of the Government's failure to pay FMP's valid and unchallenged invoices for services that FMP rendered pursuant its contract with the Federal Emergency Management Agency ("FEMA") and for which payment was due in 2015. The unpaid invoices total $156,392.90. During discussions with FEMA personnel—which resulted in the payment of several other invoices under this same contract—FEMA has never suggested any basis on which it may refuse payment of the invoices that are the subject of this Complaint.

## PARTIES

1.    Plaintiff FMP is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business at 2900 South Quincy Street, Suite 200, Arlington, Virginia 22206.

1

2.      Defendant is the United States of America ("United States"), acting by and through the Federal Emergency Management Agency ("FEMA"), an agency of the United States Department of Homeland Security. FEMA's principal offices are located in the District of Columbia.

## JURISDICTION AND STANDING

3.      This Court has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), over FMP's CDA claims for breach of contract insofar each such claim is founded upon an express contract with the United States.

4.      FMP has standing to assert claims for money damages under the CDA because FMP's claims arise out of a contract with FEMA to which it is a party.

5.      FMP submitted its certified claim on June 20, 2018. The Contracting Officer failed to issue a final decision on the certified claim, or otherwise notify FMP of the time within which a decision will be issued, within sixty days of the certified claim. Therefore, FMP's certified claim is deemed denied as of August 19, 2018. FMP's claim is timely because it is being filed within twelve months of the deemed denial of August 19, 2018.

## FACTUAL BACKGROUND

6.      On or about September 17, 2014, FMP entered into Contract No. HSFE40-14-A-0024 (hereafter, the "Contract"), a blanket purchase agreement with FEMA pursuant to which FMP provided staff augmentation to the agency.

7.      On or about February 23, 2015, FEMA issued Task Order No. HSFE-40-15-J-0024 (the "Task Order") directing FMP to provide services under the Contract.

8.      FMP fully performed all of its obligations pursuant to the Contract and the Task Order.

9.      During its performance of the Task Order, and pursuant to its terms and the terms

of the Contract, FMP sent invoices to FEMA for payment for the services it provided. Those

invoices included the following:

| Inv. No. | Date Submitted | Period of Service | Amount | Payment Due Date |
|---|---|---|---|---|
| 25307 | June 7, 2015[1] | May 2015 | $41,914.48 | July 7, 2015 |
| 25355 | July 6, 2015 | June 2015 | $42,724.80 | August 5, 2015 |
| 25418 | August 6, 2015 | July 2015 | $39,711.18 | September 5, 2015 |
| 25464 | September 21, 2015 | August 2015 | $32,042.44 | October 21, 2015 |

Copies of these invoices (the "Invoices") are attached to this Complaint as Exhibits A through D,

respectively.

10.     Between September 2017 and May 2018, FMP personnel exchanged numerous

emails with FEMA personnel responsible for payment of the Invoices, for which payment was

long overdue. During this lengthy correspondence, FMP resubmitted the unpaid Invoices several

times. At no time did FEMA personnel ever suggest any basis for refusing to pay the Invoices.

11.     On or about June 20, 2018, FMP submitted a certified claim to the Contracting

Officer seeking payment of the Invoices listed above, as well as Invoice No. 25244 in the amount

of $22,004.76, for which payment was also long overdue. FMP originally submitted Invoice No.

25244 on or about April 27, 2015, seeking payment for services provided during the period from

April 12 to April 15, 2015, with a due date of May 27, 2015.  A copy of the certified claim,

which included copies of the Invoices as well as Invoice No. 25244, is attached to this Complaint

as Exhibit E.

12.     On or about July 11, 2018, the Contracting Officer emailed FMP personnel,

stating, in relevant part:

---

[1] FMP originally submitted this invoice with an erroneous date of May 7, 2015, but subsequently
submitted an amended invoice with the correct date.

3

> I am in receipt of the letter from FMP's attorneys. I am currently working in the
> USVI. However, I am here to help in getting your invoices paid. I see from your
> email from Dan Michaud that invoice 25244 for $22,004.76 was paid and there
> are 4 remaining outstanding. Can you send me a copy of the 4 outstanding
> invoices and to who you submitted them to [sic].

13.    In response, FMP personnel sent copies of the Invoices to the Contracting Officer that same day by email, noting that they had submitted them to her colleague, Dan Michaud, and the FEMA vendor payment email address several times before.

14.    Pursuant to 41 U.S.C. § 7103(f)(2), "[a] contracting officer shall, within 60 days of receipt of a submitted certified claim over $100,000 -- (A) issue a decision; or (B) notify the contractor of the time within which a decision will be issued."

15.    Pursuant to 41 U.S.C. § 7103(f)(5), "[f]ailure by a contracting officer to issue a decision on a claim within the required time period is deemed to be a decision by the contracting officer denying the claim and authorizes an appeal or action on the claim as otherwise provided in this chapter."

16.    The Contracting Officer failed to issue a final decision, or otherwise notify FMP of when a final decision would be issued, within sixty days of the submission of the certified claim.

17.    As of the date of filing of this Complaint, the Invoices remain unpaid.

## COUNT 1 – BREACH OF CONTRACT

18.    Paragraphs 1 through 17 are re-alleged and hereby incorporated into this Count 1 by reference.

19.    FEMA's failure to pay each of the Invoices constitutes a breach of the Contract.

## PRAYER FOR RELIEF

WHEREFORE, FMP respectfully requests that this Court grant the following relief:

a.      Award FMP damages in the amount of $156,392.90;

b.      Award FMP interest in an amount to be determined pursuant the Prompt Payment Act, 31 U.S.C. § 3901 *et seq.*;

c.      Award FMP its costs, fees and other expenses, including reasonable attorneys' fees, pursuant 28 U.S.C. § 2412(d)(1)(A); and

d.      Grant such other and further relief as the Court may deem just and proper.


FEDERAL MANAGEMENT PARTNERS

By:     _____
        David B. Deitch
        BERENZWEIG LEONARD LLP
        8300 Greensboro Drive, Suite 1250
        McLean, Virginia 22102
        Tel. 703-760-0402
        Email: ddeitch@berenzweiglaw.com

*Counsel for Federal Management Partners, Inc.*